IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN L. DALE,
       Plaintiff,

vs.                                                    Case No.:  3:03cv491/MCR/EMT

JO ANNE B. BARNHART,
Commissioner of the
Social Security Administration,
       Defendant.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court upon a "Petition for Authorization of Attorney Fees" filed by Plaintiff's counsel (hereinafter "Petitioner") (Doc. 28) and Defendant's response thereto (Doc. 29). Pursuant to 42 U.S.C. § 406(b), Petitioner seeks attorney's fees for services provided to Plaintiff in connection with Plaintiff's claims for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") benefits (Doc. 28 at 1, 6-7).

       This court previously awarded Petitioner $2,200.00 in fees under the Equal Access to Justice Act ("EAJA") (*see* Docs. 25, 26), which Petitioner placed in his firm's trust account for distribution to Plaintiff (Doc. 28 at 6). In the instant motion, Petitioner seeks approval of attorney's fees in the amount of $1,434.50 (Doc. 28 at 6-7). Further, he seeks authorization to refund this amount to Plaintiff and to retain the larger fee previously awarded pursuant to the EAJA (*id.*). Defendant has no specific objection to the fee requested by Petitioner, and "asks only that a reasonable attorney's fee be awarded to counsel for the work expended on Plaintiff's behalf" (Doc. 29 at 3-4).

I.       BACKGROUND

       Petitioner was retained by Plaintiff to represent him in connection with his claims for social security benefits (Doc. 28 at 1). Plaintiff's claims were denied initially and upon reconsideration by the Commissioner of the Social Security Administration ("Commissioner") (*id.* at 2). On

September 23, 2003,[1] Plaintiff signed a fee agreement with Petitioner in which he agreed to an attorney's fee of "25% of the combined gross back benefits from Social Security and Supplemental Security Income (SSI) resulting from a favorable award of the [Commissioner]" (*id.*, Ex. C ).

On October 3, 2003, Petitioner filed a civil action in this court on Plaintiff's behalf (Doc. 1). Pursuant to this court's order dated March 28, 2005, Plaintiff's claim was remanded to the Commissioner for further proceedings (Doc. 21). On remand, an administrative law judge ("ALJ") found that Plaintiff was disabled and eligible to receive SSI benefits (Doc. 28 at 3). On June 21, 2005, Petitioner filed a motion for attorneys fees under the EAJA (Doc. 23). Petitioner's motion was granted, and Petitioner was awarded fees in the amount of $2,200.00 (Docs. 25, 26). Subsequently, on February 2, 2006, the Commissioner issued a notice stating that Petitioner's fee agreement with Plaintiff had been approved, and that under the fee agreement, Petitioner could charge Plaintiff no more than $5,300.00 for work performed on Plaintiff's SSI claim at the administrative level (*id.* at 3; Ex. B). The notice further stated that Plaintiff's past due SSI benefits totaled $26,938.00 (*id.*).

II.    ANALYSIS

In the instant motion, Petitioner moves the court for authorization, pursuant to 42 U.S.C. § 406(b), to charge Plaintiff attorney's fees in the amount of $1434.50 (Doc. 28 at 1).[2] Petitioner states that 25% of Plaintiff's past due benefits is $6,734.50 ($26,938.00 x 25% = $6,734.50) and that he was previously paid $5,300.00 for administrative attorney's fees (*id.* at 3-4). Petitioner argues that he should be awarded the remaining balance of $1434.50 ($6,734.50 - $5,300 = $1,434.50), stating that this fee is reasonable under the facts of the case and consistent with the agreement between Petitioner and Plaintiff (*id.* at 5). Petitioner further states that the Commissioner was ordered to pay him $2,200.00 in attorney's fees under the EAJA and requests that the court authorize

---

[1]Petitioner states that Plaintiff signed the fee agreement on July 12, 2002 (Doc. 28 at 1); however, the fee agreement is dated September 23, 2003 (*id.,* Ex. C).

[2]Section 406(b) provides, in pertinent part, that:
Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Petitioner to retain the higher amount of $2,200.00 and pay $1,434.50 to Plaintiff, because "the smaller of the fees awardable for the same work under the EAJA and the [Social Security] Act must be refunded to the Plaintiff" (*id.* at 6-7).

Attorneys handling Social Security proceedings may seek fees for their work under two different statutory provisions, the EAJA and 42 U.S.C. § 406. The EAJA allows for an award of attorney fees against the government when the party seeking fees is the prevailing party in a civil action brought against the United States. 28 U.S.C. § 2412. Fees under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid out of Social Security Administration funds. McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006).

Title 42 U.S.C. § 406 allows for recovery of attorney's fees for representation of individuals claiming Social Security benefits, both at the administrative level and in court. "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." Gisbrecht v. Barnhart, 535 U.S. 789, 794, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). For representation of a benefits claimant at the administrative level, an attorney may file a fee agreement with the agency in advance of a ruling on the claim for benefits. 42 U.S.C. § 406(a). If the ruling on the benefits claim is favorable to the claimant, the agency will generally approve the fee agreement subject to a limitation that the fees may not exceed the lesser of 25% of past due benefits or $5,300.00. Gisbrecht, 535 U.S. at 795. For proceedings in court, when a judgment favorable to the benefits claimant is rendered, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past due benefits." *Id.* Finally, although fees can be awarded under both the EAJA and § 406(b), Congress has precluded double dipping, i.e., receipt of attorneys fees for the same services provided under the EAJA and the Social Security Act. *See*, 42 U.S.C. § 406(b)(1)(A).

In 1999, in Kay v. Apfel, 176 F.3d 1322 (11th Cir 1999), the Eleventh Circuit 'join[ed] the majority of circuits in holding that reasonable attorney's fees under § 406(b) should be calculated using the 'lodestar' approach." *Id.* at 1323. Under the lodestar approach, the number of hours

reasonably expended on the litigation is multiplied by a reasonable hourly rate to determine a reasonable fee.  *Id.* at 1324-25.  However, in 2002, the Supreme Court rejected the lodestar method of calculating § 406(b) fees, abrogating the Kay decision.  Gisbrecht, 535 U.S. at 789.  The Court held that the provision of § 406(b) that limits attorneys fees to 25% of past due benefits was designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling.  *Id.* at  808-809.  The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Id.* at 807.  Accordingly, within the "25 percent boundary" permitted by § 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id.*

The Supreme Court did not specifically define the factors that the lower courts should consider when determining the reasonableness of a § 406(b) fee.  It did, however, note with approval the approach of courts that have reduced an attorney's recovery based on the character of the attorney's representation and the results the representation achieved.  *Id.* at 808 (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989)).  For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency.  *Id.* (citing Rodriguez v. Brown, 8665 F.2d 739, 746 (6th Cir. 1989)).  In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."  *Id.* (citing Rodriguez and Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

Cases decided since Gisbrecht have generally been deferential to the terms of contingent fee contracts, accepting de facto hourly rates that exceed those for non-contingent fee cases.  *See, e.g.,* Hearn v. Barnhart, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (awarding de facto hourly rate of $450); Boyd v. Barnhart, 2002 WL 32096590 (E.D.N.Y. 2002) (approving $455); Dodson v. Barnhart, 2002 WL 31927589 (W.D. Va. 2002) (approving $694); Coppett v. Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga.) (approving $350).

In the instant case, the court is persuaded that Petitioner has met his burden of showing that his request for $1,434.50 in attorney's fees is reasonable.  First, when combined with the $5,300.00 Petitioner was paid for administrative attorney's fees, the request is exactly equal to and does not

exceed the statutory and contract-based maximum of 25% of the past due benefits.  Second, the court cannot fault the character of the representation provided by Petitioner in this case.  No allegation of delay exists, much less delay that is attributable to Petitioner.  In addition, as previously noted, Petitioner was effective in achieving a remand in this court, which ultimately led to a favorable disability determination by the Commissioner and resulted in a sizable benefits award to Plaintiff.  Further, in representing Plaintiff on a contingency basis, Petitioner assumed a significant risk that he would recover no fee at all for his services.

However, regarding Petitioner's request to retain the higher EAJA fee of $2,200.00 and refund the smaller fee of $1,434.50 to Plaintiff, this request should be denied.  Petitioner contends the law requires that the smaller of the two fees to be refunded to Plaintiff; however, in the case cited by Petitioner, 3:02cv211/RV/MD, the total fee sought did not exceed 25% of the past due benefits.  *See also* Hearn, 262 F. Supp.2d 1033 (total award did not exceed 25% of past due benefits, thus refund of smaller award to Plaintiff appropriate); Boyd, 2002 WL 32096590 (same).  In the instant case, however, allowing Petitioner to retain the $2,200.00 award would result in a total fee of $7,500.00 ($5,300.00 + $2,200.00 = $7,500.00), which exceeds $6,734.50 (i.e., 25% of Plaintiff's past due benefits).  Thus, permitting Petitioner to retain $2,200.00 would violate both Petitioner's contract with Plaintiff and the statutory maximum.  *See* Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970)[3] (§ 406 precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant); Morris v. Social Sec. Admin., 689 F.2d 495 (4th Cir. 1982) (same); Dunn v. Heckler, 614 F. Supp. 45 (E.D.N.C. 1985) (combined award of counsel fees for administrative and court proceedings cannot exceed 25% of the past-due benefits).  Therefore, Petitioner should refund to Plaintiff the previously awarded EAJA fees of $2,200.00 and retain the § 406(b) award of $1,434.50.

III.    CONCLUSION

In sum, as Petitioner's request for $1,434.50 in attorneys' fees under § 406(b) is reasonable, this request should be granted.  However, because allowing Petitioner to retain the $2,200.00 EAJA

_____

[3]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

award would violate his contract with Plaintiff and exceed the statutory maximum of 25% of past due benefits, this request should be denied.  Instead, Petitioner should be ordered to refund to Plaintiff the previously awarded $2,200.00, and Petitioner should be awarded $1,434.50 under § 406(b).  This results in Petitioner receiving his agreed upon fee of 25% of past due benefits ($5,300 + 1,434.50 = $6734.50) and avoids "double dipping," i.e., awarding fees for the same services.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That Petitioner's motion to award attorney's fees pursuant to 42 U.S.C. § 406(b) (Doc. 28) be **GRANTED in part**.  Petitioner's motion should be granted to the extent that Petitioner be awarded attorney's fees in the amount of $1,434.50.  The motion should be **DENIED** to the extent Petitioner seeks authorization to retain the previously awarded EAJA fee in the amount of $2,200.00.

2.    That upon receipt of attorney's fees in the amount of $1,434.50 pursuant to 42 U.S.C. § 406(b), Petitioner shall immediately refund to Plaintiff the previously awarded EAJA sum of $2,200.00.

At Pensacola, Florida, this 21st day of July 2006.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**